UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ADAM BURNS,

          Plaintiff,          Case No. 1:24-cv-1309

v.                               Honorable Phillip J. Green

OTTAWA COUNTY SHERIFF'S
DEPARTMENT, et al.,

          Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ."

28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the St. Louis Correctional Facility (SLF) in St. Louis, Gratiot County, Michigan. The events about which he complains, however, occurred in Ottawa County, as well as at the Richard A. Handlon Correctional Facility (MTU) in Ionia, Ionia County, Michigan. Plaintiff sues the Ottawa County Sheriff's Department, referred to as the Ottawa County Police Department. Plaintiff also sues Judges Jon H. Hulsing and Kenith Post, as well as prosecutors Nicholas E. Knebl and Jennifer N. Kuiper-Weise. Plaintiff also sues Ottawa County Deputy Unknown Scholma, and MTU Officer Unknown Unger.

Plaintiff's allegations are scant and barely legible. He contends that he is bringing suit against Defendant Scholma because when Defendant Scholma "respond[ed] to [Plaintiff's] case in 2009," he never "did any rape kit on the victim." (*Id.*) Plaintiff also faults Defendant Scholma for not making any contact with Plaintiff at all. (*Id.*)

Plaintiff next alleges that he is suing Defendants Knebl and Kuiper-Weise for not giving Plaintiff and his attorney what they asked for during Plaintiff's criminal proceedings, particularly what they were "asking for in [his transcripts]." (*Id.*) Plaintiff also mentions that the prosecutors did not preserve evidence. (*Id.*)

Next, Plaintiff contends that Defendant Unger always made sexual remarks to him and stalked him as well. (*Id.*)

Finally, Plaintiff suggests that Defendant Hulsing did not give him a fair court hearing, and that Defendant Post used Plaintiff's prior criminal history against him. (*Id.*)

MDOC records indicate that Plaintiff is currently serving a 9 to 30-year sentence imposed after he pleaded *nolo contendere* in the Ottawa County Circuit Court to one count of first-degree criminal sexual conduct (CSI-I). *See* Offender Tracking Information System (OTIS), https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=380649 (last visited Mar. 12, 2025). Based on the foregoing, the Court construes Plaintiff's complaint to assert constitutional claims related to his conviction and sentence against all Defendants with the exception of Defendant Unger, and an Eighth Amendment claim against Defender Unger. As relief, Plaintiff asked for his "case [to be] drop[p]ed." (*Id.*, PageID.4.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Claims Related to Prosecution and Sentencing

#### 1. Request to Have Case Dropped

As noted *supra*, as relief, Plaintiff requests to have his criminal case dropped. (Compl., ECF No. 1, PageID.4.) Presumably, Plaintiff seeks to have his criminal conviction vacated and to be released from custody. However, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier

6

release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of [42 U.S.C.] § 1983.").[2]

Moreover, to the extent Plaintiff raises claims for declaratory relief or monetary damages that necessarily imply that his conviction and sentence are invalid, such claims are not cognizable under § 1983 until the conviction or sentence has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). The *Edwards* Court relied upon *Heck*, in which the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state

---

[2] The Court notes that Plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court on December 9, 2024. Plaintiff, however, failed to show cause for the untimely filing of his § 2254 petition, and it was dismissed as untimely on January 23, 2025. *See Burns v. Christiansen*, No. 1:24-cv-1307, 2025 WL 274589 (W.D. Mich. Jan. 23, 2025).

conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, Plaintiff essentially seeks to have his conviction and sentence vacated. His confinement would only be unlawful if the judgment of sentence entered by the Ottawa County Circuit Court was invalid. Unless and until that judgment is invalidated, Plaintiff cannot obtain the relief he seeks. Therefore, Plaintiff has failed to state a claim upon which relief may be granted[3] with respect to his request to have his "case drop[p]ed."

### 2. Claims Against the Ottawa County Sheriff's Department and Defendant Scholma

As noted above, Plaintiff has sued the Ottawa County Sheriff's Department and Defendant Deputy Scholma as Defendants. Notably, Plaintiff names Defendant Scholma in his official capacity only. (Compl., ECF No. 1, PageID.2.)

As an initial matter, the Ottawa County Sheriff's Department is "subsumed within [Ottawa County] as . . . a municipal entity to be sued under § 1983." *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); *see also Rhodes v. McDaniel*, 945 F.2d 117, 120 (6th Cir. 1991) (noting that sheriff's departments are part of a larger political subdivision and cannot be sued). Accordingly, any purported

---

[3] A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *Kitchen v. Whitmer*, 106 F.4th 525, 534 n.4 (6th Cir. 2024) (stating "[o]ur court, following the Supreme Court's lead, has phrased *Heck* challenges in terms of whether a § 1983 claim is 'cognizable,' which likely implies that a *Heck* challenge more properly sounds in failure to state a claim").

claims against the Ottawa County Sheriff's Department are also properly dismissed for failure to state a claim.

Instead, Plaintiff should have named Ottawa County as a defendant. *See, e.g.*, *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (noting that "[b]ecause the McCracken County Jail is a department of the county, the county is the appropriate party"); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (stating that "[s]ince the [Jefferson County] Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint"). However, simply substituting Ottawa County for the jail and the sheriff's department would not change the result.

Ottawa County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, the county is liable only when an official policy or custom causes the injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). "Governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights." *Watson*, 40 F. App'x at 89 (citing *Monell*, 436 U.S. at 692).

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff's department or jail. *See Monell*, 436 U.S. at 690. Moreover, the United States Court of Appeals for the Sixth Circuit has explained that a custom "for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.*

Here, although Plaintiff's complaint vaguely refers to potential wrongdoing by the sheriff's department, Plaintiff fails to allege the existence of a custom or policy, let alone that any policy or custom was the moving force behind his alleged constitutional injuries. *Cf. Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff's allegation of policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation). Because Plaintiff fails to allege the existence of a policy or custom, Plaintiff has failed to state a claim against Ottawa County.

Likewise, Plaintiff cannot maintain his official capacity claim against Defendant Scholma. "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *See Matthews*, 35 F.3d at 1049. As discussed *supra*, Plaintiff has failed to describe any policy or custom maintained by Ottawa County that resulted in his injuries, and Plaintiff cannot maintain his suit

against Ottawa County merely because it employed Defendant Scholma. For these reasons, Plaintiff's claims against Defendant Scholma will be dismissed.

### 3. Claims Against Defendants Knebl and Kuiper-Weise

Plaintiff has also sued Ottawa County prosecutors Kneble and Kuiper-Weise. In his complaint, Plaintiff suggests that the prosecutors did not give Plaintiff and his attorney what they asked for during Plaintiff's criminal proceedings, particularly what they were "asking for in [his transcripts]." (Compl., ECF No. 1, PageID.3.) Plaintiff also mentions that the prosecutors did not preserve evidence. (*Id.*)

"Prosecutors receive absolute immunity from suit for conduct in initiating and pursuing criminal prosecutions." *Jackson v. City of Cleveland*, 64 F.4th 736, 743 (6th Cir. 2023) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). In determining "whether a prosecutor's actions should be shielded by such an expansive grant of immunity, [the Sixth Circuit] appl[ies] a functional approach that 'looks to the nature of the function performed, not the identity of the actor who performed it.'" *Id.* (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)). The main question "is how closely related is the prosecutor's challenged activity to [their] role as an advocate intimately associated with the judicial phase of the criminal process." *Id.* (quoting *Howell v. Sanders*, 668 F.3d 344, 349–50 (6th Cir. 2012)). "Prosecutors, alongside defense counsel, are tasked with equipping judges and juries to accurately determine a defendant's guilt," and "that task necessarily entails making judgment calls as to how pre-trial matters are handled, trials are conducted, witness are used, and evidence is presented." *Price v. Montgomery Cnty., Ky.*, 72 F.4th 711, 719 (6th Cir. 2023), *cert. denied*, 144 S. Ct. 2499 (2024). "Conduct of that ilk traditionally is accompanied by

11

absolute immunity from civil liability," and prosecutorial immunity even extends "to 'unquestionably illegal or improper conduct,' including instances where a defendant is genuinely wronged." *Id.* (quoting *Cady*, 574 F.3d at 342–43). "Conduct that falls outside the cloak of absolute immunity includes instances where the prosecutor's actions are not intimately associated with the judicial process." *Id.* at 719–20 (citation omitted).

Here, Plaintiff's scant allegations against Defendants Knebl and Kuiper-Weise all relate to their handling of his criminal prosecution because Plaintiff suggests that the prosecutors withheld evidence from the defense. Accordingly, the Court concludes that Defendants Knebl and Kuiper-Weise are entitled to absolute prosecutorial immunity, and Plaintiff's claims against them will be dismissed.

### 4. Claims Against Defendants Hulsing and Post

Plaintiff also names Judges Hulsing and Post as Defendants, arguing that Defendant Hulsing did not give Plaintiff a fair court hearing and that Defendant Post used Plaintiff's prior criminal history against him. (Compl., ECF No. 1, PageID.3.)

Judges are generally absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, *i.e.*,

actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12. Here, Plaintiff's complaint is devoid of allegations implicating either of the exceptions to judicial immunity. Accordingly, to the extent Plaintiff seeks damages, Defendants Hulsing and Post are entitled to judicial immunity.

Moreover, to the extent Plaintiff seeks prospective injunctive relief against Defendants Hulsing and Post, § 1983 explicitly provides that injunctive relief "shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *See* 42 U.S.C. § 1983; *see also Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). Here, Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Consequently, any claim for injunctive relief is barred.

Accordingly, for the foregoing reasons, the Court will dismiss Plaintiff's claims against Defendants Hulsing and Post.

### B.    Claims Against Defendant Unger

Finally, Plaintiff alleges that while he was incarcerated at MTU, Defendant Unger stalked him and made sexual remarks. (Compl., ECF No. 1, PageID.3.)

The Eighth Amendment prohibits punishments that are not only physically barbaric, but also those which are incompatible with "the evolving standards of

13

decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976) (internal quotation marks omitted). To establish an Eighth Amendment claim, the prisoner must show that he was deprived of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Conditions that are restrictive or even harsh, but are not cruel and unusual under contemporary standards, are not unconstitutional. *Id.* Thus, federal courts may not intervene to remedy conditions that are merely unpleasant or undesirable.

In order for a prisoner to state an Eighth Amendment claim, the prisoner must show that he faced a sufficiently serious risk to his health or safety and that defendants acted with "'deliberate indifference' to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

14

"Federal courts have long held that sexual abuse is sufficiently serious to violate the Eighth Amendment. . . . This is true whether the sexual abuse is perpetrated by other inmates or by guards." *Rafferty v. Trumbull Cnty.*, 915 F.3d 1087, 1095 (6th Cir. 2019) (citing *Farmer*, 511 U.S. at 848–49 (discussing inmate abuse); *Bishop v. Hackel*, 636 F.3d 757, 761 (6th Cir. 2011) (same); *Washington v. Hively*, 695 F.3d 641, 642 (7th Cir. 2012) (abuse by guards). However, in the context of claims against prison officials, the Sixth Circuit repeatedly has held that the use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See, e.g., Ivey*, 832 F.2d 950, 954–55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* 76 F. App'x 24, 27 (6th Cir. 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim).

Moreover, the Sixth Circuit has held that "isolated, brief, and not severe" instances of sexual harassment, without more, do not give rise to Eighth Amendment violations. *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005) (finding that harassing comments, even coupled with one minor instance of sexualized touching during a search, fall short of an Eighth Amendment violation), *abrogated in other part by Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018); *Violett*, 76 F. App'x at 27 (an offer of sexual favors is not sufficient to state Eighth Amendment claim); *Johnson v. Ward,* No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) ("Johnson's

15

allegation that Ward made an offensive sexual remark to him does not rise to the level of a constitutional violation [as such is merely verbal abuse]."). Other courts have agreed. *See, e.g., Davis v. Goord,* 320 F.3d 346, 353 (2d Cir. 2003); *Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir. 1996); *Purcell v. Coughlin,* 790 F.2d 263, 265 (2d Cir. 1986).

In contrast, the Sixth Circuit has held that ongoing, coercive verbal harassment may rise to sexual abuse that violates the Eighth Amendment. *Rafferty*, 915 F.3d at 1095. The *Rafferty* court found an Eighth Amendment violation when a prison official sexually harassed a prisoner by repeatedly demanding that the prisoner expose herself and masturbate while the official watched. The court noted that, in light of the coercive dynamic of the relationship between prison staff and prisoners, such demands amount to sexual abuse. *Id.* at 1096.

Here, Plaintiff only vaguely alleges that Defendant Unger stalked him and made sexual remarks. Plaintiff's conclusory allegation does not rise to the level of the verbal harassment at issue in *Rafferty*. While certainly unprofessional, any sexual comments made by Defendant Unger do not rise to the level of an Eighth Amendment violation. Accordingly, the Court will dismiss Plaintiff's claims against Defendant Unger.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:  March 13, 2025                         /s/ Phillip J. Green
                                               PHILLIP J. GREEN
                                               United States Magistrate Judge